## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-21-151-TDD |
| | ) | |
| BILLY JAMES MENEES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Billy James Menees' *pro se* Motion for New Counsel/Representation [Doc. No. 88]. After Defendant filed this motion, counsel requested an *ex parte* hearing so the Court could conduct an inquiry into whether substitute counsel should be appointed for Defendant. [Doc. No. 89]. The Court granted that motion and held a hearing. *See* Order [Doc. No. 91]. After reviewing Defendant's motion, the motion filed by counsel, and the information provided at the hearing, the Court finds Defendant's motion for substitute counsel should be **DENIED**.

"Prior to sentencing, withdrawal of appointed counsel shall be by leave of this Court upon written application." LCrR 57.2(C). Whether to grant or deny a motion to substitute counsel is within the Court's discretion. *See United States v. Porter*, 405 F.3d 1136, 1140 (10th Cir.2005). "To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." *Id.* (citing *United States v. Padilla,* 819 F.2d 952, 955 (10th Cir.1987)). "Good cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his

attorney . . . rather there must be a total breakdown in communications." *United States v. Lott,* 310 F.3d 1231, 1249 (10th Cir.2002) (citations omitted).

Defendant raised multiple concerns and reasons for why he believes substitute counsel is necessary here. Defendant explained he asked counsel to file a motion to quash the indictment,[1] but counsel refused. There also appears to be some disagreement regarding strategy as it relates to Defendant's wife, Ashley Schardein, a co-defendant in this case. Defendant further complains of not being afforded an opportunity to review all discovery materials in detail. Counsel explained that much of the discovery in this case is in audio or video format; it is thus difficult to get discovery material to Defendant for his review. Further, an investigator hired by counsel visited with Defendant and reviewed discovery with him for several hours. Finally, the amount and types of communication between lawyer and client have not fallen below what would be expected in a case such as this one. In total, Defendant primarily expresses a desire to be more involved in forming his defense strategy.

The concerns raised by Defendant in his motion do not provide adequate grounds for substitution of counsel. Most of the justification Defendant offered for seeking substitute counsel concerns strategic disagreements. From the motion filed by Defendant, the motion filed by counsel, and the information provided at the hearing, the Court finds nothing indicating a total breakdown in communication between Defendant and counsel.

---

[1] Defendant filed this motion himself, but the Court struck the motion after denying Defendant the right to hybrid representation. *See* Order [Doc. Nos. 61 and 71].

Therefore, Defendant has not shown good cause for substitution of counsel, and the Court

finds that his Motion [Doc. No. 88] should be **DENIED**.

      **IT IS SO ORDERED** this 16th day of December, 2021.

                        TIMOTHY D. DEGIUSTI
                        UNITED STATES DISTRICT JUDGE