IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. BILLY JAMES MENEES and ASHLEY DAWN MARIE SCHARDEIN, *Defendants*. | Case No. 21-CR-151-TDD |

### UNITED STATES' RESPONSE TO DEFENDANT MENEES' SECOND MOTION AND BRIEF TO DISMISS THE INDICTMENTS AND DEFENDANT SCHARDEIN'S MOTION TO JOIN MENEES' SECOND MOTION

**COMES NOW** the United States of America, by and through United States Attorney Christopher J. Wilson, and Assistant United States Attorney, Edith A. Singer, and respectfully submits the following Response to Defendant Menees' Second Motion and Brief to Dismiss the Indictments (Doc. 111), which was joined by Defendant Schardein in her Motion (Doc. 112). The Defendant's Motion should be denied based as set forth below:

### STATEMENT OF THE CASE AS RELEVANT TO THE MOTION

On May 12, 2021, the Defendants were charged by way of a two-count Indictment: Count One – Child Abuse in Indian Country, in violation of 18 U.S.C. §§ 1151, 1152, 2, & 21 Okla. Stat. 843.5(A)(1), and Count Two – Child Neglect in Indian Country, in violation of 18 U.S.C. §§ 1151, 1152, 2, & 21 Okla. Stat. 843.5(C). (Dkt. No. 23). Thereafter, on January 25, 2022, a Superseding Indictment (Dkt. No. 98) was rendered which expanded the timeframe of the previously charged conduct and specified that both Defendants are non-Indians. The Superseding Indictment alleges

1

that K.M. is a child under the age of eighteen, Defendants Menees and Schardein are "responsible for the health, safety and welfare of K.M.", that Defendants Menees and Schardein "did willfully and maliciously cause and threaten harm, fail to protect from harm and threaten harm, torture and injure K.M., an Indian", and that Defendants Menees and Schardein "did willfully and maliciously fail and omit to provide K.M., an Indian, adequate nurturance and affection, food, clothing, shelter, sanitation, hygiene, medical care and supervision."  On February 11, 2022, Defendant Menees filed his Second Motion to Dismiss and alleged that the Oklahoma Child Abuse and Child Neglect statutes under which they were Indicted are unconstitutional, and that Choctaw tribal law is the proper choice of law under the Assimilated Crimes Act. (Doc. 111).  On the same date, Defendant Schardein filed her Motion to Adopt and Join Defendant Menees' Second Motion to Dismiss. (Doc. 112).

## STATEMENT OF THE CHARGED CONDUCT

The charges in the Indictment relate to the Defendants' physical abuse and neglect of Menees' then 10-year-old daughter, K.M., who disclosed that she had been tied-up, hit, shoved into a wall, grabbed by the collar, and subjected to other acts of physical abuse at the hands of the Defendants.  The Defendants admitted confining the child and having tied the child's wrists together with a rope.  The child disclosed that she had been confined to a room for extended periods of time without a bed, bedding, blankets, or carpeting on which to sleep, was only fed water, spinach, and oatmeal, and was not permitted to toilet when needed.  These recitations touch the surface of all the acts of extreme physical abuse and neglect that this child suffered at the hands of her father and his girlfriend.

**ARGUMENT AND AUTHORITY**

In a separate and distinct case, defendant Dustin Dennis was Indicted in the Northern District of Oklahoma for the crime of Child Neglect in Indian Country. (NDOK, CR-20-141-CVE, Doc. 14). Dennis was accused of being "responsible for the health, safety, and welfare" of an Indian child who was under the age of eighteen, and failing to provide "adequate nurturance, shelter, supervision, and appropriate caretakers". (NDOK, CR-20-141-CVE, Doc. 14). On August 27, 2020, Dennis filed a Motion to Dismiss his Indictment because he argued that the Oklahoma Child Neglect statue is "unconstitutionally vague". (NDOK, CR-20-141-CVE, Doc. 25). Dennis' Motion was denied in an Opinion and Order issued by Judge Eagan on December 14, 2020. 2020 WL 7348008

Although not binding on this Court, the United States respectfully requests that this Court consider Judge Eagan's Opinion and Order as persuasive. The arguments made by Defendants in the case at bar are similar to the arguments made by defendant Dennis. In considering the constitutionality of the Child Neglect statute, Judge Eagan first found:

> The challenged Oklahoma statutes do not implicate defendant's First Amendment rights and he did not raise a pre-enforcement challenge, and the Court will consider defendant's vagueness claim in light of the facts of this case. *Id.* at ¶ 3.

Judge Eagan next considered the specific facts of the Dennis case and found that, "This conduct clearly falls within the definition of neglect under § 1-1-105, and a reasonable person would have understood that the charged conduct was prohibited by the statute." *Id.* at ¶ 4. The Court recognized that defendant Dennis had cited a "list of decisions" in which the Supreme Court opined on unconstitutionally vague statutes but found that the referenced cases were distinguishable and did not "have any bearing on an as-applied challenge to Oklahoma's child neglect statute." *Id.*

The Court went on to recognize that defendant Dennis had failed to cite any "authority suggesting that Oklahoma courts have struggled with interpreting the definition of child neglect". *Id.*

Like Dennis, Defendant Menees also failed to cite any authority to suggest that there has been any struggle within Oklahoma courts with interpreting child abuse and child neglect. This Court should therefore follow Judge Eagan's holding that "defendant is not permitted to bring a facial challenge to Oklahoma's child neglect statute and the Court must evaluate the defendant's vagueness argument in light of the charged conduct." *Id.*

### THE DEFENDANT'S ARGUMENT IN LIGHT OF THE CHARGED CONDUCT

In the Dennis case, Judge Eagan analyzed the facts and determined that "in light of the charged conduct…the Court has no difficulty finding that a person of ordinary intelligence would have understood that his conduct was prohibited. Oklahoma law defines "neglect" as the failure or omission to provide "supervision or appropriate caretakers" for the protection of minor children." *Id.* at ¶ 4.

In the case at bar, Defendants Menees and Schardein were responsible for the health, safety, and welfare of K.M.. Any person of ordinary intelligence understands that a child cannot be physically struck, man-handled, tied-up and confined to a room for days upon days, and have toileting facilities restricted. Further, a person of ordinary intelligence understands that a child needs adequate nurturance and affection, adequate food, clothing, bedding and shelter, sanitation, hygiene, medical care and supervision. Defendant Menees and Schardein both could have and should have made adjustments to their care of K.M., and it is certainly within the ordinary intelligence of a reasonable person that a child who was covered in bruises, had been confined and tied-up, had her food intake limited as a method of punishment and is visibly malnourished could have, and should have, been removed from that situation and taken for medical care. As such, this

Court should find that the Oklahoma Child Abuse and Child Neglect statutes are not unconstitutionally vague because "a person of ordinary intelligence would have understood that his conduct was prohibited."

There is nothing unconstitutionally vague about their charges, their Constitutional rights have not been implicated, neither raised a pre-enforcement challenge, and when Defendant Menees' and Schardein's claims are considered in light of the facts of the case, the Motion must fail in its entirety.

## FURTHER LEGAL ANALYSIS

There are four general principles that apply to Defendant Menees' Motion. First, the "void for vagueness", doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *See Kolender v. Lawson*, 461 U.S. 352, 357 (1983) and *State v. Saunders*, 886 P 2d 496 (Okl.Cr. 1994).  Second, "a statute is not unconstitutionally vague if reasonable people would know their conduct is at risk." *See Allen v. City of Oklahoma City*, 965 P.2d 387 (Okla Crim App, 1998). Third, the general rule of statutory construction says that statutes mean what they plainly say. *See Williams v. Taylor*, 529 U.S. 420, 431 (2000). Fourth, federal courts base their decisions related to vagueness of a state statute on the state's construction of that statute. *See Minnesota ex rel. Pearson v. Probate Court*, 309 U.S. 270 (1940).

In Defendant Menees' and Schardein's case, the wording of the statute is plain and clear and set forth in a plain and clear manner in the superseding Indictment.  Defendants have received notice of possible criminal liability that did not give law enforcement an avenue for arbitrary enforcement.  Therefore, Defendant Menees and Defendant Schardein, persons of ordinary

intelligence, had a reasonable opportunity to know what conduct was prohibited, so that they may act accordingly. *See Grayned v. City of Rockford*, 408 U.S. 110 ( 1972).

Defendants claim that the words "adequate nurturance and affection" create a level of confusion that make it impossible for anyone to know what acts regarding these words as written in the statute create a crime. However, "adequate" is plainly defined as what is required, sufficient or satisfactory. All of these words are synonyms for the same thought – a minimal measurable stand. All of these words give notice of a consistent standard that is recognized in society. *See Allen supra.*

Defendant Menees claims that "The term 'harm' is not defined by Oklahoma statute." (Doc. 111, at p.7). However, "harm" is in fact defined by Oklahoma Statute in the Children's Code at 10A O.S. § 1-1-105, and provides in part:

> When used in the Oklahoma Children's Code, unless the context otherwise requires:…
> 2. "Abuse" means harm or threatened harm to the health, safety, or welfare of a child by a person responsible for the child's health, safety, or welfare, including but not limited to nonaccidental physical or mental injury, sexual abuse, or sexual exploitation. Provided, however, that nothing contained in the Oklahoma Children's Code shall prohibit any parent from using ordinary force as a means of discipline including, but not limited to, spanking, switching, or paddling.
> a. "Harm or threatened harm to the health or safety of a child" means any real or threatened physical, mental, or emotional injury or damage to the body or mind that is not accidental including but not limited to sexual abuse, sexual exploitation, neglect, or dependency.

Defendant Menees once again asserts that the language does not provide adequate notice to the accused because of the variety of conduct that could be included in such charges; and that second, the Indictment does not exclude constitutionally protected acts, such as "spanking, switching or paddling" (Doc. 53, at p.2; and Doc. 111, at p.7). The Defendant requests that the Court dismiss

the indictment, order the Government to seek a new Indictment narrowing the conduct and excluding constitutionally protected conduct, or for an order of the Court requiring the Government to file a bill of particulars.  However, the language is clear and provides sufficient notice such that a reasonable person of ordinary intelligence can understand that such conduct is prohibited.

With respect to Defendant's request for dismissal, such plea should be rejected by the Court.  Dismissal of a count or indictment is a "draconian," "drastic," and "disfavored remedy." *E.g.*, *United States v. Gonzalez*, 248 F.3d 1201, 1205 (10th Cir. 2001); *United States v. Kingston*, 971 F.2d 481, 291 (10th Cir. 1992). Before deciding to dismiss a count, "a district court must consider whether a lesser sanction would satisfy the competing considerations at issue." *See United States v. Lin Lyn Trading, Ltd.*, 149 F.3d 1112, 1118 (10th Cir. 1998) (reversing district court's dismissal). Failure to do so constitutes a reversible abuse of discretion. *Id.*

The Defendant's request for an Indictment narrowing the conduct and excluding constitutionally protected conduct is not practical or a proper use of the grand jury system.  In defense's proposal, the Government would present an Agent to testify about all of the things the Defendants did NOT do to the child…essentially providing sworn testimony of a negative.

It seems that the ultimate defense argument relates to the wide range of conduct which can be charged under such criminal statutes.  However, the discovery in this matter, specifically the forensic interviews of the child and the bodycam footage with the defendants' admissions, clearly outline the acts for which the true bill was rendered.  As charged, there can be no doubt that these defendants understand their "illegal conduct", despite counsel's concerns that it could have a chilling effect on parents and the right to parent one's children.  As such, the Government requests

7

that the Court deny Defendants' claims as they relate to the assimilated statutes of Child Abuse and Child Neglect under Okla. Stat. tit. 21 § 843.5(A) and (C).

Defendants' argument here is a factual one and should be made to the jury and not to the Court as a guise for a constitutional challenge based on vagueness. Also, the discovery provided to the Defendants clearly shows that a reasonable person would conclude that their conduct falls squarely within the statutes.

Finally, the Defendant's argument that the United States apparently *should have* charged the Defendants under Choctaw Tribal law rather than Oklahoma law clearly surrounds their issue with the range of punishment. Ironically, the Choctaw Tribal code very closely parallels the Oklahoma Statutes, the main difference being Choctaw's cap of three (3) years imprisonment, rather than Life. Defendant cites no legal authority supporting such argument and the same should be denied by the Court.

## CONCLUSION

WHEREFORE, the United States submits that Defendants' Motion should be denied.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

*s/Edith A. Singer*
EDITH A. SINGER, OBA#19439
Assistant United States Attorney
520 South Denison
Muskogee, OK 74401
Telephone: (918) 684-5100
Edith.Singer@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of February, 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Cody Cofer, Attorney for Defendant Menees
Ronald Gainor, Attorney for Defendant Schardein

*s/ Edith A. Singer*
Office of the United States Attorney
