IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>BILLY JAMES MENEES and<br>ASHLEY DAWN MARIE SCHARDEIN,<br><br>*Defendants*. | Case No. 21-CR-151-TDD |

**RESPONSE AND BRIEF IN OPPOSITION TO
DEFENDANT MENEES' MOTION TO RECONSIDER PRETRIAL RELEASE**

COMES NOW the United States of America, by and through United States Attorney Christopher J. Wilson and Assistant United States Attorney Edith A. Singer, and for its response and brief in opposition to defendant Menees' motion to reconsider Magistrate Judge Donald D. Bush's Order for Detention (Dkt No. 113), alleges and states as follows:

BACKGROUND

On May 12, 2021, the Defendants were charged by way of a two-count Indictment: Count One – Child Abuse in Indian Country, in violation of 18 U.S.C. §§ 1151, 1152, 2, & 21 Okla. Stat. 843.5(A)(1), and Count Two – Child Neglect in Indian Country, in violation of 18 U.S.C. §§ 1151, 1152, 2, & 21 Okla. Stat. 843.5(C). (Dkt. No. 23). On May 17, 2021, the Defendants were arraigned on such Indictment. (Dkt. Nos. 30 & 32). During the detention hearing for Defendant Menees on May 19, 2021, the United States requested the Court adopt and follow the Pretrial Services officer's recommendation of detention. At the conclusion of the hearing, Magistrate Judge Bush ordered Defendant Menees detained pending trial. (Dkt. No. 35).

1

Thereafter, on January 25, 2022, a Superseding Indictment (Dkt. No. 98) was rendered which expanded the timeframe of the previously charged conduct and specified that both Defendants are non-Indians. This case is set for jury trial before the Honorable Timothy D. DeGiusti on June 20, 2022. (Dkt. No. 108).

## THE DETENTION ORDER BY THE MAGISTRATE IS PROPER

If the court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the court must order detention pending trial. 18 U.S.C. § 3142(e). Under 18 U.S.C. § 3145(b), a defendant who has been detained pending trial may "file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." This Court reviews de novo the magistrate judge's detention order. *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). This Court has the discretion to rule on the written pleadings and evidence if the factual record is sufficient or hold an evidentiary hearing if it believes that additional evidence is necessary. *United States v. King*, 849 F.2d 485, 490-91 (11th Cir. 1988). The United States submits that Defendant Menees' statement that he now has an available third-party custodian is not a sufficient change in circumstances justifying his release. These offenses were extreme and carry terms of imprisonment of up to Life in prison.

Applying the de novo standard of review, this Court must consider the following factors under 18 U.S.C. § 3142(g):

> "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;

2

(3) the history and characteristics of the person, including--

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…."

Each of these factors supports detention.

### 1) *The nature and circumstances of the offense.*

Under the first factor, this Court must consider "whether the offense… involves a minor victim or a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1). Defendant Menees has been charged with an offense that involves a minor victim, singled out by statute as "particularly significant." *United States v. Vorrice*, 277 F.App'x 762, 764 (10th Cir. 2008).

Defendants are charged with the physical abuse and neglect of Menees' then 10-year-old daughter who disclosed that she was hit, slung around the room, shoved, grabbed by the collar, and other acts of physical abuse at the hands of the Defendants. The Defendants admitted confining the child and having tied the child's wrists together with a rope. The child disclosed that she had been confined to a room for extended periods of time without a bed, bedding, blankets, or carpeting on which to sleep, was only fed water, spinach and oatmeal, and was not permitted to toilet when needed. These recitations touch the surface of all of the acts of extreme physical abuse and neglect that this child suffered at the hands of her father and his girlfriend. This factor supports

detention.

    2) *<u>The weight of the evidence.</u>*

The evidence in this case is strong. In this case, not only do we have a victim who has provided specific details of her abuse, but we also have bodycam footage memorializing the Defendants' own admissions of some of their actions against this child. In addition, we have voluminous school, State agency and medical records which document the physical abuse and neglect suffered by Defendant Menees' own child. The very nature of these crimes committed multiple times over a period of more than a year show a propensity and makes Defendant Menees a danger to the community. This factor supports detention.

    3) *<u>History and Characteristics of the Defendant.</u>*

Although Defendant Menees has family ties to the community, his child resides with his parents with whom he has regular and routine contact with via jail services. In addition, two (2) counts in the State Court proceeding remain pending against Defendant Menees at this time because of his alleged abuse of a separate and distinct child. Defendant Menees' proposed third-party custodian lives in the same community where the victim has been living and the risk of even accidental contact with her is a significant risk. This factor also supports detention.

    4) *<u>Risk of Flight/Risk to Community.</u>*

At the detention hearing, the Magistrate Judge found that there is a serious risk that Defendant Menees will endanger the safety of another person or the community. "The prospect of a lengthy prison term… provides a defendant with a great incentive to flee." *United States v. Nichols*, 897 F.Supp. 542, 547 (W.D.Okla.1995); *see also United States v. Gonzales*, 149 F.3d 1192, *2 (10th Cir. 1998), citing *United States v. El-Gabrowny*, 35 F.3d 63, 65 (2d Cir. 1994) ("If convicted of the crimes of which he is accused, the defendant will face a probable very lengthy

term of imprisonment. This prospect gives him a great incentive to flee"). Defendant Menees is facing a maximum of life imprisonment. He thus has a significant incentive to flee.

Defendant Menees clearly poses a threat to any child he comes in contact with based on the nature of the instant case. The Defendant had easy access to children in this case and he utilized that access to his own child whom he abused and neglected to the extent that she was hospitalized for an extended period of time after discovery by Officers on May 9, 2020. This factor supports detention.

## CONCLUSION

Based on the foregoing, the United States respectfully submits that Defendant Menees has not presented sufficient information to overcome the Court's order of detention in this case. The United States therefore respectfully asks this Honorable Court to affirm the Magistrate Judge's detention order.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

*s/Edith A. Singer*
EDITH A. SINGER
OBA#19439
Assistant United States Attorney
520 South Denison
Muskogee, OK 74401
Telephone: (918) 684-5100
Fax: (918) 684-5150
Edith.Singer@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on March 2, 2022, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Ron Gainor, Attorney for Defendant Schardein
Cody Cofer, Attorney for Defendant Menees

    */s Edith A. Singer*
    Office of the United States Attorney