IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>     )<br>     Plaintiff,   )<br>     )<br>vs.   )<br>     )<br>     )<br>BILLY JAMES MENEES and   )<br>ASHLEY DAWN MARIE SCHARDEIN,   )<br>     )<br>     Defendants.   ) | Case No. CR-21-151-TDD |

## ORDER

Before the Court is Defendant Billy Menees' Second Motion and Brief to Dismiss the Indictments [Doc. No. 111]. The government filed a response in opposition [Doc. No. 114]. Defendant Ashley Schardein filed a motion to adopt and join in Defendant Menees' motion [Doc. No. 112]. The Court grants Defendant Schardein's motion to join [Doc. No. 112] and will consider the merits of the motion to dismiss as to both defendants. The matter is fully briefed and at issue.

As indicated in the title of his motion, this is Defendant Menees' second motion to dismiss. He filed a motion to dismiss the original indictment in May 2021, which the Court denied. *See* Order [Doc. No. 67]. The government recently filed a superseding indictment that, although it does not include a new charge, it expands the timeframe of the previously charged conduct and specifies that Defendants are non-Indians. [Doc. No. 98]. The instant motion to dismiss mostly advances arguments the Court has already rejected.

## BACKGROUND

The facts of the present case are set forth in the Court's previous Order [Doc. No. 67] denying Defendant Menees' Motion to Dismiss the Indictment for Vagueness [Doc. No. 53]. They will not be restated here. In his initial motion to dismiss, Defendant argued the Oklahoma child abuse and child neglect statutes were unconstitutionally vague on their face and as applied to his conduct. The Court, first, found Defendant could not bring a facial challenge to either statute because they have already been enforced against him and because the statutes do not implicate his First Amendment rights. *See* Order [Doc. No. 67 at p.4]. The Court, then, considered Defendant's vagueness challenge in light of the conduct alleged in this case and found a reasonable person would have understood the alleged conduct was prohibited.

**I.   Defendants' motion to dismiss fails because § 843.5(a) and (c) provided them adequate notice that the alleged conduct was prohibited.**

In his first motion, Defendant Menees made no attempt to show the relevant Oklahoma child abuse and neglect statutes, Okla. Stat. tit. 21, § 843.5(A)(1) and § 843.5(C), implicated his First Amendment rights. In the second motion, Defendants argue the statutes implicate their First Amendment right to familial association. Defendants, however, provide no authority for the proposition that child abuse and neglect statutes implicate the First Amendment. At least one federal district court in Oklahoma has found § 843.5(C) does not implicate a parent's First Amendment rights. *United States v. Dennis*, No. 20-CR-0141-CVE, 2020 WL 7348008, at *3 (N.D. Okla. Dec. 14, 2020). Further, several courts have found other child abuse statutes do not implicate a defendant's

First Amendment rights. *See United States v. Other Med.*, 596 F.3d 677, 682 (9th Cir. 2010) (Major Crimes Act and Montana assault on a minor victim statute); *United States v. Gumbs*, 16 F. Supp. 3d 1292, 1297 (D. Kan. 2014) (Kansas child endangerment statute); *United States v. Peneaux*, No. 3:18-CR-30081-RAL, 2019 WL 3308308, at *2 (D.S.D. May 20, 2019), report and recommendation adopted, No. 3:18-CR-30081-RAL, 2019 WL 2482943 (D.S.D. June 14, 2019) (South Dakota child abuse statute).

The arguments raised in the instant motion do not convince the Court that Oklahoma's child abuse and neglect statutes implicate his First Amendment rights. "[A] court will consider a law's facial vagueness only if it threatens First Amendment interests or if the challenge is made before enforcement." *United States v. Rodebaugh*, 798 F.3d 1281, 1294 (10th Cir. 2015). Since § 843.5(A)(1) and § 843.5(C) have already been enforced against Defendants, they may not bring facial challenges to them.

Defendants may, however, raise vagueness challenges to the statutes as applied against them, and the Court will consider their arguments in light of the facts of this case. *See United States v. Bennett*, 329 F.3d 769, 777 (10th Cir. 2003). The arguments asserted in the instant motion are largely recycled from Defendant Menees' first motion to dismiss the indictment. The Court previously found that "[c]onsidering the allegations in this case . . . a person of ordinary intelligence would have understood that [the] alleged conduct was proscribed by" § 843.5(A)(1) and § 843.5(C).[1] Defendants raise no argument in the

---

[1] The affidavit attached to the Criminal Complaint states that Defendants told officers they had been keeping K.M. locked in a bare room with rope tied around her wrists. [Doc. No. 1 at 2–3]. Officers found K.M. malnourished and bruised, and her head had been shaved. *Id.* at 3. The defendants admitted to keeping K.M. locked in the room for up to a week and a half. *Id.* K.M. told

3

second motion that gives the Court reason to rethink this previous finding. Therefore, the Court finds the charges in the superseding indictment should not be dismissed on the ground of vagueness. Defendants were on notice that their alleged conduct was proscribed and that they could be prosecuted for child abuse and neglect for their treatment of K.M., a minor child under their care. The motion to dismiss the superseding indictment is denied.

## II.     The superseding indictment properly incorporates state law.

Defendants argue the superseding indictment must be dismissed because it improperly charges them with violations of Oklahoma law when it should charge them with violations of Choctaw Tribal Law. The Court disagrees.

Defendants, as non-Indians accused of committing crimes against an Indian victim in Indian country, are charged under the General Crimes Act, 18 U.S.C. § 1152. Under § 1152, the "general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, . . . extend to the Indian country." Thus, the Assimilative Crimes Act (ACA), 18 U.S.C. § 13, extends to Indian country and is applicable here. *Williams v. United States*, 327 U.S. 711, 713 (1946). "The ACA's basic purpose is one of borrowing state law to fill gaps in the federal criminal law that applies on federal enclaves." *Lewis v. United States*, 523 U.S. 155, 160 (1998) (citing *Williams*, 327 U.S. at 718–19).

---

the officers she had been kept in there for a month or two. *Id.* She also showed officers a crack in the wall; she told them it was formed when she was thrown against the wall. *Id.* K.M. claims Defendants withheld food from her, at most feeding her spinach and oatmeal each day. *Id.*

Child abuse and neglect are not themselves federal offenses, creating a gap in federal law when these offenses are committed by non-Indians against an Indian victim in Indian country. But, through the ACA, federal law incorporates state law offenses committed by non-Indians in Indian country. *See McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020) (noting that § 1152 "provides that federal law applies to . . . crimes [committed] by or against Indians in Indian country"). Defendants, thus, may be indicted in this Court for violations of Okla. Stat. tit. 21, § 843.5(A)(1) and § 843.5(C). Nothing in 18 U.S.C. § 13 or § 1152, or any other federal law, requires the government to charge Defendants with violations of tribal law rather than state law. Further, Defendant cites no case, and the Court is unaware of any, where a federal court incorporates a tribal criminal statute under the ACA. The superseding indictment properly charges Defendants with violations of Oklahoma law.

### III.   Defendants' requests for a successive grand jury or for a bill of particulars are unnecessary because the indictment is adequate.

Just like in the first motion to dismiss, Defendants request, alternative to their prayer for dismissal of the superseding indictment, an order requiring the government to present the case to a new grand jury so that it can return "[a]n indictment with more specificity regarding the alleged conduct." [Doc. No. 111 at p. 11]. The Court, again, denies this request because Defendants, again, fail to offer the Court any legal authority that would permit the Court to order the government to obtain a new indictment.

The Court also finds a bill of particulars is unnecessary in this case. A district court may, in the exercise of discretion, direct the government to file a bill of particulars. *See* Fed. R. Crim. P. 7(f); *see also United States v. Levine*, 983 F.2d 165, 166 (10th Cir. 1992).

5

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense.'" *Levine*, 983 F.2d at 166-67 (quoting *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988)). "A bill of particulars is not necessary if 'the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial.'" *Id.* at 167 (quoting *Dunn*, 841 F.2d at 1030).

Defendants argue the superseding indictment does not adequately provide the factual allegations against him. Under Fed. R. Crim. P. 7(c), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." "[I]t is generally sufficient that an indictment set forth an offense in the words of the statute itself, as long as those words themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *United States v. Doe*, 572 F.3d 1162, 1173 (10th Cir. 2009). Further, when considering whether to require a bill of particulars, the court may consider discovery materials available to the defendant for trial preparation; where discovery provides additional details regarding the alleged offense, a bill of particulars is generally not needed. *United States v. Ivy*, 83 F.3d 1266, 1282 (10th Cir. 1996); *see also United States v. Sturmoski*, 971 F.2d 452, 460 (10th Cir. 1992).

Here, the superseding indictment identifies the date range of the offenses, the victim, and the elements necessary to constitute child abuse and neglect under § 843.5(A)(1) and § 843.5(C). This, when considered in combination with the discovery materials available

to Defendants[2] and the affidavit attached to the Criminal Complaint [Doc. No. 1], is adequate to inform Defendants of the charges against them with sufficient precision to allow them to prepare a defense. Accordingly, Defendants' motion for a bill of particulars is denied.

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss the indictment, motion for a bill of particulars, and motion for a successive indictment [Doc. Nos. 111] are **DENIED**.

**IT IS SO ORDERED** this 4th day of April, 2022.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] The government represents that Defendants have access to forensic interviews of the alleged victim and bodycam footage containing their statements to police. [Doc. No. 114 at p.7]. Further, Defendant Schardein has represented to the Court in a previous motion that the government has provided Defendants over 600 pages of discovery materials. [Doc. No. 95].