IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>BILLY JAMES MENEES and<br>ASHLEY DAWN MARIE SCHARDEIN,<br><br>*Defendants.* | Case No. 21-CR-151-TDD |

### UNITED STATES' RESPONSE TO DEFENDANT MENEES' THIRD MOTION AND BRIEF TO DISMISS THE INDICTMENTS AND DEFENDANT SCHARDEIN'S MOTION TO JOIN MENEES' THIRD MOTION

**COMES NOW** the United States of America, by and through United States Attorney Christopher J. Wilson, and Assistant United States Attorney, Edith A. Singer, and respectfully submits the following Response to Defendant Menees' Third Motion and Brief to Dismiss the Indictments (Doc. 133-1), which was adopted and joined by Defendant Schardein in her Motion (Doc. 134). The Defendant's motion should be denied by the Court.

### STATEMENT OF THE CASE AS RELEVANT TO THE MOTION

On May 12, 2021, the Defendants were charged by way of a two-count Indictment: Count One – Child Abuse in Indian Country, in violation of 18 U.S.C. §§ 1151, 1152, 2, & 21 Okla. Stat. 843.5(A)(1), and Count Two – Child Neglect in Indian Country, in violation of 18 U.S.C. §§ 1151, 1152, 2, & 21 Okla. Stat. 843.5(C). (Dkt. No. 23). Thereafter, on January 25, 2022, a Superseding Indictment (Dkt. No. 98) was rendered which expanded the timeframe of the previously charged conduct and specified that both Defendants are non-Indians. On July 5, 2022, Defendant Menees

1

filed his Third Motion to Dismiss and alleged that the Assimilative Crimes Act (the ACA) "only applies to federal enclaves" and that after the Supreme Court's decision in *Oklahoma v. Castro-Huerta*, 597 U.S. __ (2022), the ACA no longer authorizes Federal prosecution for Oklahoma statutes within Indian Country. Such motion is without merit and should be denied by the Court.

## ARGUMENT AND AUTHORITY

This Court has previously considered the Defendants' argument relating to the ACA. This Court's Order of April 4, 2022 found that "the Assimilative Crimes Act under 18 U.S.C. § 13, extends to Indian country and is applicable here." (Dkt No. 120 at p. 4). This Court set forth the ACA's basic purpose of borrowing from state law to fill in gaps in federal criminal law.

Defendant's only additional argument now relates to the Supreme Court's decision in *Castro-Huerta*. The defense claims that "Indian Country is not a federal enclave for jurisdictional purposes." (Dkt. No. 133-1 at p. 3) They further allege that without incorporation of Oklahoma law through the ACA, federal prosecution is not authorized and this Court does not have jurisdiction.

Castro-Huerta was prosecuted by the State of Oklahoma for Child Neglect under 21 O.S. § 843.5(C). After the Supreme Court's decision in *McGirt v. Oklahoma*, 591 U.S. __ (2020), Castro-Huerta's State conviction was overturned. On June 29, 2022, the Supreme Court reversed the Oklahoma Court of Criminal Appeal's decision. Simply stated, the Supreme Court found in *Castro-Huerta*, that the Federal Government and the State have concurrent jurisdiction to prosecute crimes committed by non-Indians against Indians in Indian country. *Castro-Huerta,* slip op. at 14. The Supreme Court in *Castro-Huerta* did not address the ACA, but rather discussed the General Crimes Act under 18 U.S.C. § 1152. The Court stated that the General Crimes Act does not say that Indian country is equivalent to a federal enclave for jurisdictional purposes, that

2

federal jurisdiction is exclusive in Indian country, or that state jurisdiction is preempted in Indian country, but rather found that the General Crimes Act extended the federal laws that apply on federal enclaves to Indian Country. *Castro-Huerta,* slip op. at 1-2.  The Supreme Court in *Castro-Huerta* did not divest the United States of its ability to prosecute crimes occurring within Indian Country, but rather recognized the interests of the Federal Government and the State of Oklahoma in protecting Indian victims from the actions of non-Indians.

Concurrent jurisdiction is anticipated and allowed by law.  18 U.S.C. § 7 provides:

> "The term 'special maritime and territorial jurisdiction of the United States', as used in this title, includes:
>
> …(3) *Any lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof*, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building…."

(Emphasis added.)  The Federal Government along with the State of Oklahoma have concurrent jurisdiction over the crimes charged herein.

A similar argument regarding concurrent jurisdiction was considered by the Sixth Circuit in *Hoopengarner v. United States*, 270 F.2d 465 (Mich. 1959), cited herein as persuasive authority.  In *Hoopengarner*, the defendant was prosecuted not only by the State of Michigan, but also by the United States under concurrent maritime jurisdiction.  In that case, the Sixth Circuit Court found that "A federal court, under the maritime jurisdiction of the United States, may have jurisdiction over an offense, even though the state courts have concurrent jurisdiction." *Hoopengarner* at 471.

Then, when reviewing and considering the Assimilative Crimes Act, 18 U.S.C. § 13, it provides in part:

> **(a)** Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, or on, above, or below any portion of the territorial sea of the United States not within the

> jurisdiction of any State, Commonwealth, territory, possession, or district is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

As previously decided by this Court, the ACA is applicable in this case, and the Superseding Indictment property charges Defendants with violations of Oklahoma law. As clarified in *Castro-Huerta*, the General Crimes Act, 18 U.S.C. § 1152, extends the federal laws that apply on federal enclaves to Indian Country. The Federal Government sought and obtained an Indictment and Superseding Indictment herein and has an interest in protecting Indian victims from the actions of non-Indians in Indian Country. As such, the Defendant's motion should be denied by the Court.

## CONCLUSION

WHEREFORE, the United States submits that Defendants' Motion should be denied.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

*s/Edith A. Singer*
EDITH A. SINGER, OBA#19439
Assistant United States Attorney
520 South Denison
Muskogee, OK 74401
Telephone: (918) 684-5100
Edith.Singer@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of July, 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Cody Cofer & Kara Carreras, Attorney for Defendant Menees
Ronald Gainor & Lynn Pierce, Attorneys for Defendant Schardein

                                                *s/ Edith A. Singer*
                                                Office of the United States Attorney