IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-21-00151-TDD |
| | ) |
| BILLY JAMES MENEES | ) |
| ASHLEY SCHARDEIN, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' JOINT MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION TO EXCLUDE GOVERNMENT EXPERT CONWAY**

Defendants Billy James Menees and Ashley Marie Schardein seek leave to file a reply to the Government's Response to Defendants' Objection to Dr. Lauren Conway's Expert Testimony, DE 197 ("Response"), and assert that a reply is necessary because certain of the Government's assertions in its Response are incorrect, as follows:

(1) There is no support for proposition that an expert may testify that child abuse/neglect occurred; the Government miscites *Unites States v. Charley*, 283 F.3d 1203 (10th Cir. 2002), plus there are a plethora of cases holding otherwise:

"[A]n expert is prohibited from making a comment on the alleged victim's credibility or identifying the alleged victim as a victim of child abuse." *Charley,* at 1265 (citing *United States v. Johns,* 15 F.3d 740, 743 (8th Cir. 1994)). *See also United States v. Koruh,* 2000 U.S. App. LEXIS 6126 at *4 (10th Cir. 2000) ("In [*Charley*] . . . [w]e cited the Eighth Circuit which held the testimony admissible as long as the expert witness makes no comment on the alleged victim's credibility nor identifies the alleged victim as a victim of child abuse."); *United States v. Finley*, 301 F.3d 1000, 1009 (9th Cir. 2002) ("In addition, . . . that the fact of whether the alleged abuse occurred was for the jury to decide and therefore the expert's testimony was usurping the role of the jury as the ultimate fact finder. See *Charley,* at 1270."); *United States v. Ogden,* 2021 U.S. Dist. LEXIS 37548, *5 (E.D. Okla. March 20, 2021) ("An expert in child abuse cases "is prohibited from making a comment on the alleged victim's credibility or identifying the alleged victim as a victim of child abuse."); *State v. Southard*, 347 Ore. 127, 141 (2008) ("Other jurisdictions have held, in a related context, that a doctor's diagnosis of sexual abuse is not helpful to the jury under FRE 702 (or those jurisdictions' counterparts to that rule) and thus is not admissible. Those courts have concluded that a medical diagnosis on the 'ultimate' issue of sexual abuse' does not tell the jury anything that it is not capable of determining without expert assistance. *See United* States *v. Whitted,* 11 F.3d 782. 785 (8th Cir 1993) ('Because jurors are equally capable of considering the evidence and passing on the ultimate issue of sexual

abuse * * *, a doctor's opinion that sexual abuse has in fact occurred is ordinarily neither useful to the jury nor admissible.'); *United* States *v. Charley*, 189 F.3d 1251. 1264-69 (10th Cir 1999) (following *Whitted*); *State v. Iban*, 275 Conn 624 (2005) (a specific diagnosis of child sex abuse did not assist the jury because 'this type of assessment was well within the jurors' capabilities and understanding and did not require a separate conclusion from [an expert] that sexual abuse had taken place'); *Atkins v. State,* 243 Ga App 489, 496-95, 533 SE2d 152 (2000) (holding that experts cannot opine that abuse did in fact occur); *State v. Batangan,* 71 Haw 552, 558, 799 P.2d 48 (1990) ('[C]onclusory opinions that abuse did occur and that the child victim's report of abuse is truthful and believable is of no assistance to the jury, and therefore, should not be admitted.)."

(2) Contrary to the Government assertions, Dr. Conway was a consultant and not the treating physician and the records reflect that Dr. Conway's role in interviewing KM were both forensic and for limited medical diagnosis and treatment, therefore, rebutting the Government's claim that KM's statements are admissible through Dr. Conway pursuant to FRE 803(4)(A), the exception to hearsay for medical diagnoses or treatment. Furthermore, the Government's suggestion that a 10-year-old would make "statements to a treating physician for purposes of a criminal investigation" is clear vouching and mischaracterizes the issue, which is the purpose for which the professional was obtaining information. At that time of Dr. Conway's consultation, KM had been removed from the home and treated by medical professionals for a week.  Also, according to Defense Expert, Mark J. Mills, M.D., because Dr. Conway provided limited medical diagnosis and treatment, Dr. Conway should be ethically precluded from rendering expert opinions in this matter.

(3) In respect of the deficiencies alleged in the Notice, the Government has advised that all of the subject matter about which Dr. Conway will testify is contained in the medical records provided to the Defense. Those medical records contain what would be clearly inadmissible testimony, including, as discussed above, statements by KM (many of which are clearly not related to medical diagnosis or treatment but for forensic purposes), plus other inadmissible matters, such as "This is child neglect. [KM] was previously diagnosed with child physical abuse upon admission at McAlester Regional Hospital. . . . [KM] also disclosed a history of strangulation. Strangulation is a particularly heinous form of child physical abuse as it is associated with increased morbidity and mortality. [KM] described confinement, being terrorized, and threats of abandonment. These are all forms of emotional abuse. . . . I am very concerned for [KM] and her siblings' safety and well-being in their home environment. If [KM] remains in this environment she is at a very high risk for further morbidity and potentially mortality." Additionally, given the Government's failure to provide a notice in compliance with FRCrP 16, this Court should limit Dr. Conway's testimony to only admissible matters contained in the medical records provided.

WHEREFORE, the Defendants request leave to file a Reply to the Government's Response to Defendants' Objection to Dr. Lauren Conway's Expert Testimony, DE 197.

Dated this 5th day of January 2023.

| | |
|---|---|
| /s/ Cody L. Cofer<br>Cody L. Cofer<br>COFER LUSTER LAW FIRM, PC<br>TX SBN 24066643<br>604 E. 4th Street, Suite 101<br>Fort Worth, Texas 76102<br>Phone: 682-777-3336<br>Fax 682-238-5577<br>Email: ccofer@coferluster.com<br>Attorney for Defendant Billy James Menees | /s/ Ronald Gainor<br>Ronald Gainor<br>GAINOR & DONNER<br>10722 Ashford Circle<br>Highlands Ranch, CO 80126<br>Phone: 720-201-3036<br>Email: gainorlaw@gmail.com<br>Attorney for Defendant Ashley Marie Schardein |
| /s/ Kara L. Carreras<br>Kara L. Carreras<br>TX SBN 24028942<br>2120 Mistletoe Blvd, Ste 3<br>Fort Worth, Texas 761110<br>Phone: (817) 795-9956<br>Email: kara@fortworthdefense.com<br>Attorney for Defendant Billy James Menees | /s/ Lynn A. Pierce<br>Lynn A. Pierce #18953<br>BUTLER, LANDRUM & PIERCE, P.C.<br>720 Kipling Street, Suite 201<br>Lakewood, CO 80215<br>Phone: (303) 232-3888<br>Email: lpierce.blp@comcast.net<br>Attorney for Defendant Ashley Marie Schardein |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of January 2023, a true and correct copy of the foregoing was filed with the Clerk of Court via CM/ECF, which will send notification of such filing to all counsel of record.

s/ Ronald Gainor