IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. BILLY JAMES MENEES and ASHLEY DAWN MARIE SCHARDEIN, *Defendants.* | Case No. 21-CR-151-TDD |

**GOVERNMENT'S SUPPLEMENTAL NOTICE OF INTENT TO SEEK
JUDICIAL NOTICE AS TO INDIAN COUNTRY**

COMES NOW the United States of America, by and through its attorneys, Christopher J. Wilson, United States Attorney, and Nicole Paladino, Assistant United States Attorney, and hereby respectfully requests this Court take Judicial Notice that the location of 1605 E. Seminole Avenue, McAlester, Oklahoma is within the Eastern District of Oklahoma, within Indian Country, and within the territorial jurisdiction of the United States.

**I.    LAW AND ARGUMENT**

The Tenth Circuit held in *United States v Roberts*:

> As a general matter, the trial court decides the jurisdictional status of a particular property or area and then leaves to the jury the factual determination of whether the alleged crime occurred at the site. *See United States v. Hernandez–Fundora,* 58 F.3d 802, 812 (2d Cir.1995) (district court may determine a federal prison falls within the special maritime and territorial jurisdiction of the United States and remove that matter from the jury); *United States v. Warren,* 984 F.2d 325, 327 (9th Cir.1993) (district court may determine a military base satisfies federal jurisdictional requirements); *United States v. Bridges,* 43 F.3d 1468 (table), 1994 WL 687301, *1 (4th Cir.1994) (In a trial for robbery within the special maritime and territorial jurisdiction of the United States, "it is well established that a court may determine, as a matter of law, the existence of federal jurisdiction over the geographic area, but the locus of the offense

within that area is for the trier of fact.").

Similarly, a trial court also acts appropriately when it makes the jurisdictional ruling a particular tract of land or geographic area is Indian Country, and then instructs the jury to determine whether the alleged offense occurred there. In *United States v. Deon,* 656 F.2d 354 (8th Cir.1981), the defendant challenged the jury instruction, "the Court has found as a matter of law that Pine Ridge, South Dakota, the site of the alleged offense, is in Indian Country. You are therefore instructed that this Court's jurisdiction has been established." *Id.* at 357. The Eighth Circuit held:

The jury was not told, as a matter of law that an offense had occurred, only that the site of the alleged offense, Pine Ridge, South Dakota, was in Indian Country. This instruction, reduced to its essentials, finds as a matter of law only that Pine Ridge is in Indian country. *Id.*

Similarly, in *United States v. Sohappy,* 770 F.2d 816 (9th Cir.1985), the Ninth Circuit reviewed the trial court's instruction the jury determine whether violations of Lacey Act prohibitions against transporting, selling, or acquiring fish taken in violation of tribal law occurred at two sites. *Id.* at 822. Because "the issue of what constitutes Indian country is a matter for the judge and not the jury," and the trial judge "was apparently satisfied the two sites were Indian country," there was no plain error in instructing the jury only that it must find whether the violations occurred at the sites. *Id.* at 822 & n. 6. In *United States v. Cook,* 922 F.2d 1026 (2d Cir.1991).

We agree with our sister circuits. The district court can find, as a matter of law, a geographic area or particular location is Indian Country, and then instruct the jury to determine factually whether the offense occurred there. In Mr. Roberts' case, the jury instructions neither diminished the government's burden of proof, nor relieved the jury of its responsibility to find all essential elements of the offenses. 185 F.3d 1125.

## II.   MCALESTER, OKLAHOMA IS IN PITTSBURG COUNTY, OKLAHOMA, WHICH LIES WITHIN THE TERRITORIAL BOUNDARIES OF THE CHOCTAW NATION

Pittsburg County, Oklahoma, and therefore McAlester, Oklahoma, became a part of Choctaw Nation even before Oklahoma became a state. The Treaty of Dancing Rabbit Creek initiated the original boundaries of the Choctaw Nation's reservation post removal. In the Treaty of June 22, 1855, the boundaries were set forth again and today, as recognized in the Constitution

of the Choctaw Nation which was approved by the federal government in 1983, states the following:

> *Beginning at a point on the Arkansas River, 100 paces east of Old Fort Smith, where the western boundary line of the State of Arkansas crosses the said River, and running thence due south to Red River; thence up Red River to the mouth of Island Bayou, where it empties into Red River, about 26 miles on a straight line below the mouth of False Washita; thence running a northwesterly course along the main channel of said Bayou to the junction of the three prongs of said Bayou, nearest the dividing ridge between Washita and Low Blue Rivers, as laid down on Capt. R. L. Hunter's map; thence northerly along the eastern prong of Island Bayou to its source; thence due north to the Canadian River; thence down said River to its junction with the Arkansas River; thence down said River to the place of beginning as set forth in the Treaty of June 22, 1855, (11 Stat. 611).*

The above creates the following jurisdictional map:

**Choctaw Nation Reservation**



Responding officer Christopher Skinner of the McAlester Police Department testified that the crime at issue in the instant case took place at 1605 E. Seminole Avenue in McAlester, Oklahoma, within Indian Country in the Eastern District of Oklahoma, and within the territorial jurisdiction of the United States.

WHEREFORE, the Government has prepared a proposed instruction for the location of

1605 E. Seminole Avenue, McAlester, Oklahoma, which states that it is within the Eastern District of Oklahoma, within Indian Country, and within the territorial jurisdiction of the United States, and respectfully requests that the proposed instruction be presented to the jury in this case.

        Respectfully submitted,

        CHRISTOPHER J. WILSON
        United States Attorney

s/    Nicole Paladino
        NICOLE PALADINO, AR Bar # 2017113
        Assistant United States Attorney
        520 Denison Ave.
        Muskogee, OK 74401
        (918) 684-5100
        Nicole.Paladino@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2023, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

    Cody L. Cofer and Kara L. Carreras, Attorneys for Defendant Menees
    Ronald Gainor and Lynn A. Pierce, Attorneys for Defendant Schardein

s/    Nicole Paladino
        NICOLE PALADINO
        Assistant United States Attorney

**PROPOSED JURY INSTRUCTION**

## "IN INDIAN COUNTRY"—DEFINED

Each Count requires proof of the commission of the offense within the territorial jurisdiction of the United States. In this case, you are instructed that any offense you find to have occurred in Indian Country is considered to be within the territorial jurisdiction of the United States.

You are further instructed that restricted allotments/tribal trust land located within the Eastern District of Oklahoma is considered to be Indian Country.

The court has previously determined, as a matter of law, that the home located at 1605 E. Seminole Avenue, McAlester, Oklahoma, is located on restricted allotments/tribal trust land and is, therefore, Indian Country as a matter of law.

Consequently, you must determine whether the government has proven beyond a reasonable doubt that the offense occurred at the home located at 1605 E. Seminole Avenue, McAlester, Oklahoma.