IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> Plaintiff, § <br> v. § <br> § <br> BILLY JAMES MENEES, § <br> Defendant. § | Case No. CR-21-151-TDD |

### DEFENDANT'S BRIEF ADDRESSING IMPACT OF TENTH CIRCUIT'S ORDER AND JUDGMENT IN *UNITED STATES V. SHELL* 23-5086 (10TH CIR. JULY 18, 2024)

Defendant Billy James Menees, by and through undersigned counsel, respectfully submits this brief in accordance with the Court's Order [Doc. 303] granting leave to the parties to file a brief addressing the implications of the Tenth Circuit's order and judgment in *United States v. Shell*, No. 23-5086 (10th Cir. July 18, 2024). Mr. Menees contends that, in accordance with *Shell*, his child abuse conviction should be dismissed because he was improperly charged under the assimilation of the assaultive provisions of Oklahoma's child abuse statute via the Assimilative Crimes Act ("ACA"). In support of this brief, Mr. Menees shows as follows states:

#### Procedural History

On February 23, 2023, a jury found Defendants Billy James Menees and Ms. Schardein guilty of Counts One and Two of the Superseding

Indictment—Child Abuse in Indian Country and Child Neglect in Indian Country.

On October 25, 2023, a Presentence Investigation Report ("PSR") was filed [Doc. 277], contending that there are no analogous guidelines for Child Abuse or Child Neglect in Indian Country. On November 15, 2023, Mr. Menees filed *Defendant's Objection to Presentence Investigation Report Draft* [Doc. 284], arguing that there is an analogous guideline for the child abuse conviction under USSG § 2A2.2, Aggravated Assault.

On December 12, 2023, the Government filed a response to Mr. Menees's objections [Doc. 288], agreeing with the PSR that there is no analogous guideline for felony child abuse. The Government argued that Aggravated Assault under U.S.S.G. § 2A2.2 and 18 U.S.C. § 113(a)(6) does not adequately address the unique circumstances of child physical abuse and is not sufficiently analogous.

On July 18, 2024, the Tenth Circuit issued an order and judgment in a similar case, reversing a child abuse conviction premised on Oklahoma's child abuse statute as assimilated under the ACA.

## The *Shell* Case

The *Shell* case has significant implications to the present case. In *Shell*, Defendant Jacob Shell was charged with one count of Child Abuse

2

in Indian Country in violation of 18 U.S.C. §§ 1151, 1152, 13, and Okla. Stat. tit. 21, § 843.5(A) (2021), pursuant to the ACA. He moved to dismiss the indictment for failure to state an offense, arguing that Oklahoma's child abuse statute should not be assimilated under the ACA. The district court denied his motion, and Mr. Shell appealed. In an unpublished order, the Tenth Circuit reversed Shell's child abuse conviction, holding that assimilating the assault provisions of Oklahoma's child abuse statute would violate *Lewis v. United States*, 523 U.S. 155 (1998). *Shell*, at 1.

The court applied the two-step test from *Lewis* to determine if the ACA could be invoked. *Shell*, at 2. First, the court asked whether Shell's conduct was already punishable under federal law. The court concluded that Shell's actions were covered by 18 U.S.C. § 113(a)(7) (assault resulting in substantial bodily injury to a child under 16), which satisfied the first step of *Lewis*. *Shell*, at 5.

Second, the court considered whether assimilating Oklahoma's statute would interfere with federal law. The court concluded that it would, as it would "effectively rewrite an offense definition that Congress carefully considered" (*Lewis*, 523 U.S. at 164). Specifically, the court found that the Oklahoma statute, which includes both acts of commission (such as physical assault) and omission (such as neglect), would extend

3

the reach of federal law beyond what Congress intended. Therefore, the ACA could not be used to assimilate the assault provisions of Oklahoma's child abuse statute. The court ultimately held that the federal assault statute preempted the assimilation of Oklahoma's child abuse statute for the specific acts of physical assault. *Shell*, at 5-10.

### Mr. Menees's Assimilated Oklahoma Child Abuse Conviction in Count 1 Should Be Dismissed

Mr. Menees contends that, in accordance with *Shell*, the child abuse conviction should be dismissed. In this case, as in *Shell*, Mr. Menees was charged in Count 1 with child abuse. The superseding indictment alleged that between January 2019 and May 9, 2020, Mr. Menees and Ms. Schardein, both non-Indians, willfully and maliciously abused and neglected Mr. Menees' daughter, K.M., while she was in their care. *See* Superseding Indictment [Doc. 98].

At trial, both defendants requested a unanimity of theory instruction. (Transcript 02-23-23 at 91-2). The instruction requested by counsel for Mr. Menees was a modified version of Tenth Circuit pattern instruction 1.24. The proposed instruction required the court to list the acts upon which the Government chose to rely for a conviction. The proposed instruction stated, "If you find the Government has proven

beyond a reasonable doubt that the defendant committed every element of Child Abuse/Neglect as alleged in the indictment, you must list here all, but only, the listed criminal acts on which you based your verdict." The Court denied the defense request in reliance on the note in the pattern instruction and *Richardson v. United States*, 526 U.S. 813, 817–18 (1999). (Transcript 02-23-23 at 91-2). As such, we are left not knowing which acts support each conviction of Mr. Menees.

Because of the likelihood the jury returned fallacious verdicts, the court should not proceed to sentencing. The court should dismiss Count 1 and set aside the guilty verdict in Count 2.

Second, applying the two-part test from *Lewis*, as applied in *Shell*, Mr. Menees's conduct was already punishable under federal law pursuant to 18 U.S.C. § 113(a)(7) (assault resulting in substantial bodily injury to a child under 16). This satisfies the first step in *Lewis*.

Similarly, the second part of the *Lewis* test is also satisfied. The second step of *Lewis* considers whether the federal assault statute precludes the application of Oklahoma's child abuse statute. Mr. Menees asserts that assimilating Oklahoma's statute would both (a) effectively rewrite an offense definition carefully considered by Congress, and (b)

infringe upon a field that federal statutes intended to occupy to the exclusion of state statutes, thereby contravening *Lewis*'s clear precepts. Mr. Menees contends that the assimilation of the assault provisions of Oklahoma's child abuse statute is foreclosed by the second step of *Lewis*.

Count 1 should be dismissed pursuant to *Shell*. Mr. Menees should be granted a new trial on Count 2 (Neglect) because the court cannot know which acts or omissions upon which the jury relied to convict on each count. Without any special unanimity instruction and verdict, it is perfectly possible, even likely, the jury used an interchanging hodgepodge of acts to convict on the two counts. Allowing the guilty verdict on Count 2 to stand violates defendants' protections against double jeopardy and right to due process.

Lastly, Mr. Menees argues that the *Shell* case represents a significant change in how the guidelines should be calculated and how the court will consider the guidelines in this matter. As such, Mr. Menees requests that the court set a new deadline for any additional objections that Mr. Menees intends to file.

## Conclusion

For the foregoing reasons, Mr. Menees contends, in accordance with *Shell*, that Count 1 should be dismissed pursuant to *Shell* and a new trial

should be granted on Count 2 of the superseding indictment as Mr. Menees was improperly charged under the assimilation of the assault provisions of Oklahoma's child abuse statute via the ACA. Second, Mr. Menees requests that he be granted additional time to present any additional objections based on the *Shell* case.

Respectfully submitted,

/s/ Cody L. Cofer
Cody L. Cofer
604 E. 4th St. Ste 101
Fort Worth Texas 76102
ccofer@coferluster.com
682-267-3682


*/s/ Kara L. Carreras*
Kara L. Carreras
604 E. 4th St. Ste 101
Fort Worth Texas 76102
kara@fortworthdefense.com
817-795-9956
**Attorneys for Defendant**


## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of October 2024, a true and correct copy of the foregoing was filed with the Clerk of Court via CM/ECF, which

will send notification of such filing to all counsel of record.

*/s/ Kara L. Carreras*